**STORCK BAKING CO., Plaintiff,**

v.

**BAKERS LOCAL 57, Defendant.**

**Civ. A. No. 6:94–0136.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

March 25, 1994.

Barbara G. Arnold, Parkersburg, WV, for plaintiff.

George J. Cosenza, Cosenza & Underwood, Parkersburg, WV, Jinx Statler Beachler, Bidwell & Beachler, Columbus, OH, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is defendant's affidavit for attorney fees, filed March 8, 1994. Plaintiff filed a response on March 21, 1994, opposing an award of fees. Plaintiff's complaint in this action alleged a procedural defect in the submission of a grievance to arbitration, and sought a permanent injunction to restrain arbitration.[1] After a hearing on February 28, 1994, the Court dismissed this case, noting it is well-settled that issues of procedural arbitrability are to be resolved by the arbitrator, *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 557–58, 84 S.Ct. 909, 918–19, 11 L.Ed.2d 898 (1964), and concluding it is without jurisdiction to hear this matter. The Court noted it would consider an award of attorney fees and costs.

Plaintiff argues vigorously in its memorandum in opposition that its claim the grievance at issue was settled when the union withdrew it from arbitration is supported by law. The Court need not take issue with this assertion, and expresses no opinion on its merit. The issue here is not whether plaintiff's claim is meritorious, but whether it was asserted in the proper forum.

■ There is no dispute the collective bargaining agreement creates a duty to arbitrate. Rather, the dispute is one of procedural arbitrability; the issue is whether the union is bound by its apparent previous withdrawal of the grievance. Whether Storck's duty to arbitrate in this instance was discharged when the union withdrew the grievance is an issue to be determined not by the Court, but by the arbitrator. *See, e.g., Little Six Corp. v. UMWA,* 701 F.2d 26, 29 (4th Cir.1983) ("preclusive effect of a prior arbitral award is itself a question for arbitration"); *United Paperworkers Int'l Union v. Boise Cascade Corp.,* 758 F.Supp. 954, 958 (D.Vt.1991) ("the issue of whether [the union's] failure to follow the grievance procedure barred arbitration is a question of 'procedural arbitrability' that should be submitted to the arbitrator").

---

1. Specifically, Storck claims it submitted the grievance at issue to arbitration previously, but the union withdrew the grievance before hearing by the arbitrator. The union now seeks to pursue the grievance. Storck asserts its previous submission of the grievance to arbitration satisfied its duty to arbitrate under the collective bargaining agreement.

Attorney fees and costs are awardable in a labor relations action where the action is pursued "without justification." *United Food & Commercial Workers v. Marval Poultry*, 876 F.2d 346, 350 (4th Cir.1989). The *Marval* court equated actions "without justification" with those construed as "vexatious" or as "willful disobedience of a court order." *Id.* Where a challenge goes to the fundamental issues of arbitrability, the standard for assessing its justification is the relatively lenient one of whether it has "any arguable basis in law." *Id.* at 351.

Although the law on this issue is lucid, the Supreme Court has recognized labor disputes "cannot be broken down so easily into their 'substantive' and 'procedural' aspects." *Livingston*, 376 U.S. at 556, 84 S.Ct. at 917. Although plaintiff asserted its claim in the incorrect forum, the Court does not regard the error as rising to the level of vexatiousness. Accordingly, the Court DENIES defendant's affidavit for attorney fees and costs. The parties shall bear their own fees and costs.