VAN WATERS & ROGERS,
INC., Plaintiff,

v.

TRUCK DRIVERS UNION, LOCAL 407,
affiliated with the International Brotherhood of Teamsters, Defendant.

No. 1:94CV0494.

United States District Court,
N.D. Ohio,
Eastern Division.

June 12, 1995.

Martin T. Wymer, David Aaron Posner, Duvin, Cahn & Barnard, Cleveland, Ohio, for plaintiff.

Sorrell Logothetis, Julie C. Ford, Logothetis & Pence, Dayton, Ohio, for defendant.

*MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

WELLS, District Judge.

This case is before the Court on the cross-motions for summary judgment filed by plaintiff Van Waters & Rogers, Inc. ("VW & R") and defendant Truck Drivers Union, Local 407 ("Local 407"). For the reasons that follow, Local 407's motion is granted and VW & R's motion is denied.

## I. *Procedural History*

This is an action to vacate an arbitration award pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. VW & R and Local 407 were parties to a collective bargaining agreement effective from January 1, 1990 through December 31, 1992 and continuing from year to year. James Cole was an employee of VW & R who was represented by Local 407 and whose employment was covered by the agreement.

On April 8, 1993, Cole was discharged from his employment for smoking in a posted no-smoking area where hazardous chemicals were present. Through Local 407, Cole filed a grievance protesting his discharge pursuant to the grievance procedures in the collective bargaining agreement. The grievance was ultimately submitted to arbitrator Marvin J. Feldman, who concluded that Cole should be returned to work with a thirty day suspension, without pay but without loss of seniority. VW & R seeks to vacate this award, asserting it is contrary to and ignores the terms of the collective bargaining agreement, fails to draw its essence from the agreement, and violates the public policy of the United States and the State of Ohio. Local 407 has counterclaimed to enforce the award.

## II. *Factual Background*

■ Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." In this case, the parties have stipulated to the material facts and agree their dispute involves a legal question whether the arbitrator's decision should be vacated or enforced. Therefore, summary judgment is appropriate here. *Shelby County Health Care Corp. v. American Federation of State, County and Municipal Employees,* 967 F.2d 1091, 1094 (6th Cir.1992).

The parties have stipulated to the authenticity and admissibility of (a) the collective bargaining agreement attached to the complaint; (b) the opinion and award of Arbitra-

tor Marvin J. Feldman, which was attached to the complaint; (c) the "Rules of Conduct" signed by Cole and dated January 31, 1989; (d) the Side Letter executed by Local 407 and dated September 6, 1990; (e) the Material Safety Data Sheets introduced as evidence before the arbitrator; and (f) the Grievance Form signed by Cole on April 13, 1993. In addition, the parties have stipulated to all facts found by the arbitrator in his opinion and award. This evidence discloses the following facts.

At the time of his discharge, Cole was a warehouseman and chemical repacker with thirty or more years seniority at VW & R. He was repacking hydrochloric acid into a drum. He was fully dressed in protective clothing, except that his left glove was off and he held a lit cigarette in his hand.

The branch operations manager immediately relieved Cole of his duties and told him to report to the lunch room after he removed his protective gear. Cole went to the lunch room and was terminated pursuant to a work rule unilaterally promulgated by VW & R which stated:

> ... violation of the following rules may result in immediate discharge. Employees must not:
>
> \* \* \*
>
> 8. Smoke in the warehouse, tank farm, or any other area where hazardous materials are present.

A separate work rule stated:

> Employees may be subject to disciplinary action or discharge for violating any of these rules.... Employees must not:
>
> \* \* \*
>
> 15. Violate no-smoking rules.
>
> \* \* \*

Cole's disciplinary record revealed no serious prior infractions. He was considered a good employee. He timely protested his discharge on April 13, 1993 in a grievance which stated:

> I AM PROTESTING MY DISCHARGE OF 4/8/93. I AM REQUESTING TO BE REINSTATED WITH FULL SENIORITY AND ALL LOST WAGES AND ALL HEALTH & WELFARE AND PENSION BENIFITS [sic].

"No-smoking" signs were posted on the doorways and at the perimeter of the building where Cole worked. The lunch room and other areas away from the storage and repacking area were designated as smoking areas.

The Material Safety Data Sheet ("MSDS") for hydrochloric acid indicates that "[h]ydrochloric acid itself is non-flammable. There is, however, a latent fire or explosion hazard due to hydrogen gas generated when acid is in contact with metals." An overhead, gas-ignited heater with an exposed pilot light and burner was installed just outside the doorway of the room where Cole was working.

The collective bargaining agreement between Local 407 and VW & R provides, in pertinent part:

### ARTICLE 3

### MANAGEMENT RIGHTS

> The management of the warehouse and facilities and the direction of the working forces, including ... the right to maintain discipline and efficiency of all employees, are vested solely and exclusively in the Company, except as they may be expressed [sic], abridged or modified by other terms of this Agreement.
>
> \* \* \*

### ARTICLE 18

### DISPUTE AND GRIEVANCE PROCEDURE

> All grievances, including those of discharge, must be filed within five (5) working days, or the matter shall be closed. The company shall issue written warning notices within ten (10) days from the time the infraction occurs. Any differences, disputes, or complaints arising over the interpretation or application of the contents of the Agreement and appeal for the justification of any action taken by the Company against the Union or any employee covered by this Agreement shall be presented....
>
> \* \* \*

*ARTICLE 23*

*SAFETY*

The Company shall make reasonable provisions for the safety and health of its employees during the hours of employment.... Employees shall be expected to work in a safe manner at all times.... Failure to do so will result in disciplinary action, including discharge. This Article is subject to the provisions of Article 18, Dispute and Grievance Procedure.

In addition, VW & R and Local 407 entered into a Side Letter agreement dated September 6, 1990 which read:

The employees of Van Waters and Rogers are willing to accept Company work rules. If found unreasonable, employees have the right to grievance machinery.

No grievances were filed to challenge the rule under which Cole was discharged.

### III. *The Arbitrator's Award*

Based upon these facts, the arbitrator concluded that Cole had violated a work rule which VW & R had published and which Cole knew could result in his discharge. The arbitrator determined VW & R had discretion under the work rule to discharge Cole without a warning; discharge was not mandatory. Although the "Management Rights" clause did not dictate that VW & R could only dismiss employees for "cause" or "just cause," the arbitrator implied a "cause" or "just cause" requirement absent a clear and unambiguous statement in the contract that "cause" was not required.

The arbitrator conceded that smoking at this facility could be hazardous, but concluded that VW & R was arbitrary and capricious in deciding to terminate Cole, a senior employee of thirty or more years with no significant prior disciplinary record, particularly in light of VW & R's own use of open-flame, overhead heaters. He therefore ordered VW & R to return Cole to work with a thirty day suspension without wages but without loss of seniority.

### IV. *Law and Analysis*

■ The standard of review in labor arbitration cases is very narrow. "As long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." *United Paperworkers Internat'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987) (*quoting Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960)).

Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept. Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.... The arbitrator may not ignore the plain language of the contract; but the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract.... [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.

*Misco*, 484 U.S. at 37–38, 108 S.Ct. at 370–71.

■ VW & R does not contend that the arbitrator's award rests upon a factual error or a misinterpretation of the collective bargaining agreement. Rather, VW & R argues that the arbitrator's award does not draw its essence from the collective bargaining agreement. An award fails to draw its essence from a collective bargaining agreement if it (a) "conflicts with the express terms of the collective bargaining agreement," (b) imposes additional terms not expressed in the agreement, (c) is not rational or "cannot be rationally derived from the terms of the agreement," or (d) "is based on general considerations of fairness and equity instead of the precise terms of the agreement." *Dobbs, Inc. v. Local 614, Internat'l Bhd. of Teamsters*, 813 F.2d 85, 86 (6th Cir.1987) (*quoting Cement Divisions, National Gypsum Co. v.*

*United Steelworkers of America,* 793 F.2d 759, 766 (6th Cir.1986)).

VW & R first claims the arbitrator's award conflicts with the collective bargaining agreement and imposes additional terms by imposing a "just cause" limitation on VW & R's exclusive right to discipline its employees. The arbitrator's award does not conflict with the terms of the collective bargaining agreement. VW & R's "exclusive" right to maintain discipline is expressly made subject to the other terms of the agreement. Nor does the award impose additional terms beyond those provided in the agreement. Rather, the arbitrator rationally derived a "just cause" requirement from all the terms of the agreement given (a) the lack of *any* term either requiring "cause" or denying that "cause" was required, (b) the employees' right to file a grievance to challenge a dismissal and to challenge the reasonableness of VW & R's work rules, and (c) the fact that the safety provisions of the agreement are subject to the grievance procedures.

The arbitrator did not dispute that VW & R had cause to discipline Cole for his infraction of the no-smoking rule. Instead the arbitrator concluded that the punishment imposed—dismissal—was not reasonable because Cole had no serious prior disciplinary infractions, and hydrochloric acid did not present an actual fire or explosion hazard, as VW & R itself apparently recognized when it placed open-flame heaters in the vicinity. In reaching this conclusion, the arbitrator apparently decided he had the power to determine the reasonableness of the discipline imposed, although he did not expressly make this determination in his opinion and award.

VW & R contends the arbitrator based his decision on general equitable and fairness considerations, not on the precise terms of the agreement and the work rules. "(T)he question we thus face is whether 'the language of the contract at hand is sufficiently clear so as to deny the arbitrator the authority to interpret the agreement as he did.'" *Bruce Hardwood Floors v. Southern Council of Industrial Workers,* 8 F.3d 1104, 1108 (6th Cir.1993) (*citing Eberhard Foods, Inc. v. Handy,* 868 F.2d 890, 891 (6th Cir.1989)). There is nothing in the collective bargaining agreement "which expressly limits or removes from the arbitrator the authority to review the remedy in this case." *Eberhard Foods,* 868 F.2d at 892. Given the employees' right to file a grievance concerning a disciplinary discharge, and the discretionary, non-mandatory nature of the remedy provided in the work rules, the arbitrator could reasonably construe the agreement to authorize him to review the fairness of the sanctions imposed. *Bruce Hardwood Floors,* 8 F.3d at 1108; *Eberhard Foods, Inc. v. Handy,* 868 F.2d 890, 892–93 (6th Cir.1989). Therefore, the award "was rationally derived from the terms of the agreement and not simply based on general considerations of fairness and equity." *Bruce Hardwood Floors,* 8 F.3d at 1108.

This is a close case. VW & R clearly had the *power* to discharge Cole under the terms of the collective bargaining agreement and VW & R's work rules. This power was subject to the grievance and arbitration procedures set forth in Article 18 of the collective bargaining agreement, however. The arbitrator reasonably concluded that the agreement required just cause to discharge an employee, and that the agreement gave him the power to review the fairness of the sanction for a violation of the rules. Therefore, the award is valid and must be enforced.

▮▮▮▮ Local 407 requests attorney's fees and costs. Although the LMRA has no fee-shifting provision, attorney's fees and costs may be awarded as a sanction for bad faith or vexatious litigation. *See Monroe Auto Equipment Co. v. International Union, United Automotive, Aerospace and Agricultural Implement Workers of America,* 981 F.2d 261, 270 (6th Cir.1992). VW & R's position in this case had an arguable basis in law; there is no reason to conclude that VW & R filed or pursued this suit in bad faith. Therefore, there is no basis for an award of sanctions here.

## V. *Conclusion*

Accordingly, Local 407's motion for summary judgment is granted. VW & R's motion for summary judgment is denied. Local

407's request for attorney's fees and costs is denied. The Court will enter judgment enforcing the arbitration award.