**CAPITOL CEMENT CORP.,**
**a corporation, Plaintiff,**

**v.**

**CEMENT, LIME, GYPSUM, AND ALLIED WORKERS DIVISION OF INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, an unincorporated labor organization, et al., Defendants.**

**No. CIV.A. 3:96–CV–689.**

United States District Court,
N.D. West Virginia.

May 22, 1998.

Forrest H. Roles, Charleston, Clifford R. Oviatt, Kelly M. Boehringer, Washington, DC for Plaintiff.

Barbare Evans Fleischauer, Morgantown, Bruce E. Endy, Philadelphia, PA, forDefendants.

## MEMORANDUM OPINION AND ORDER

BROADWATER, District Judge.

This action is now before the Court for consideration of the defendants' petitions for counsel fees (Documents Nos. 22 & 29), filed August 14, 1997 and October 27, 1997 respectively and the plaintiff's Motion to Strike Motion for Attorneys Fees (Document No. 23) filed September 3, 1997. After consideration of the memoranda of law and in reference to the Court's previous ruling granting summary judgment, the Court grants the defendants' petition for counsel fees and denies the plaintiff's motion to strike.

### I. Statement of the Facts

The plaintiff, Capitol Cement Corporation ("Capitol"), is a corporation organized and existing under the laws of the state of West Virginia, having its principal place of business at Martinsburg, West Virginia. Capitol is an employer which is subject to the Labor Management Relations Act, 29 U.S.C. § 185.

Defendant Cement, Lime, Gypsum and Allied Workers Division of International Brotherhood of Boilermakers ("the Union") is an unincorporated association and labor organization. Its principal place of business is Kansas City, Kansas. The Union represents employee members within the jurisdiction of this Court. Defendant Local Lodge D–208 [1] is an affiliate of the Brotherhood of Boilermakers and is an unincorporated association and labor organization, with its principal place of business in Martinsburg, West Virginia. Its officers and agents are engaged in representing employees of Capitol in Martinsburg, West Virginia.

The Union at all relevant times was the collective bargaining agent for the employees of Capitol. The Union and Capitol are parties to a collective bargaining agreement ("the Agreement"). Article XXVIII, Section 3 provides for final and binding arbitration of all disputes arising out of the Agreement including those relating to the discharge of employees.

On January 23, 1995, Capitol discharged Garfield Green ("Green"), an employee of twenty-five years seniority with no prior record of safety violations, for allegedly deliberately running down another employee with a "Bobcat." [2] After exhausting the procedures set forth in Article XXVIII (Grievance Procedure) of the Agreement, the Union filed a timely grievance on Green's behalf, and the matter was processed for arbitration with the Federal Mediation and Conciliation Service.

Article XXVIII, Section 3 (Arbitration) states as follows

> This contract shall constitute the entire agreement between the parties, and any violation of the provisions of this Agreement, subject to arbitration may be submitted to an arbitrator, as provided herein, and *his decision shall be final and binding.* The arbitrator shall have the right to interpret any of the provisions of this Agreement which are in dispute between the parties. (emphasis added).

An arbitrator was selected. A hearing was held before the arbitrator on May 30, 1996. The parties' counsel submitted legal briefs before July 11, 1996. The Union's position was that Green, although making an error in judgment, received excessive and disparate discipline. Capitol contended that, with or without a just cause standard, Green's egregious conduct warranted discharge.

On August 6, 1996, after a full hearing on the matter, the arbitrator selected by the parties rendered an Opinion and Award ("the Award"). The Award directed that Green be reinstated to his employment without back pay effective ten (10) days following the date of the Award. After the decision, Capitol refused to reinstate Green despite the Agreement between the parties and the Award of the arbitrator. In a letter dated August 22, 1996, Capitol first took the position that the arbitrator did not have the authority to make such a decision. Thereafter, Capitol filed this civil action alleging that the arbitrator exceeded his authority.

---

**1.** The Union and Local Lodge D–208 will hereinafter be collectively referred to as "the Union."

**2.** A "Bobcat" is a small front-end loader which is operated by levers rather than a steering wheel or conventional brakes.

The Court considered the parties' cross-motions for summary judgment.[3] Specifically at issue was whether the arbitrator's Award exceeded the scope of his authority so as to render such Award unenforceable. Relying on *Upshur Coals Corporation v. United Mine Workers of America*, 933 F.2d 225 (4th Cir.1991), and *Richmond, Fredericksburg & Potomac R.R. Co., v. Trans. Comm. Intern'l. Union*, 973 F.2d 276, 278 (4th Cir.1992), the Court held that its role in reviewing such an award was to determine only "whether the arbitrators.did the job that they were told to do—not whether they did it well, or correctly, or reasonably, but simply whether they did it." *See* Memorandum and Opinion of Order, October 17, 1997, p. 7. In the instant case, the Court found that the arbitrator looked at the language of the Agreement at issue. *Id.* The Court also found that the arbitrator contrasted extenuating factors and factors which benefitted the employee's argument. *Id.* at 9. Ultimately, the Court concluded that the arbitrator did not exceed the scope of his authority in determining the Award.

## II. Issue to be Determined

The issue to be decided is whether or not the defendants are entitled to an award of attorney fees and costs under the facts presented.

## III. Discussion

Federal Rule of Civil Procedure 54(d)(2) provides that motions for attorney fees and expenses shall be made by motion and filed and served no later than 14 days after the entry of judgment. The Rule provides further that the motion must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award and must state the amount or provide a fair estimate of the amount sought.

The defendants filed a petition for counsel fees on August 14, 1997 (Document No. 22), requesting an amount of $8,467.50.[4] Capitol filed a combined response and motion to strike (Document 23) that petition on September 3, 1997, alleging that judgment had not yet been issued. The Court issued summary judgment in favor of the defendants on October 17, 1997. The defendants refiled another petition for counsel fees on October 29, 1997.

The 1993 Amendment Commentary following Rule 54 points out that one purpose of the 14 day provision is to assure that the opposing party is informed of the claim before the time for appeal has elapsed. Further, it explains that prompt filing of the motion affords an opportunity to resolve fee disputes shortly after disposition while the services performed are freshly in mind. Most importantly, the Commentary relates that the rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. Rather, all that is required is a motion sufficient to alert the opposing party and the court that there is a claim for fees, and a fair estimate of such fees.

■ Although Capitol correctly points out that the petition for fees was filed previous to the Court's summary judgment order, the exact petition was refiled within the permissible time period set forth by the Rule. In its first petition, defense counsel provided an accounting of its fees and costs. Considering the above and the length of time between oral argument and the Order of summary judgment, the Court finds that defendant's first petition for counsel fees was obviously filed as notice that a claim was anticipated and to alert plaintiff to the accounting of defendants' fees while the services were still fresh in mind. In effect, the prior filing bound counsel to the prior amount excepting the admitted error. Based upon the above reasoning, the Court denies plaintiff's motion to strike. (Document 23–2). As a matter of convenience, the Court will now consider the petition for fees and costs as incorporated

---

3. The parties did not dispute that this action was properly before the Court pursuant to 29 U.S.C. § 185(c).

4. Pursuant to Plaintiff's Response Memorandum (Document No. 30) and Defendants' Reply Memorandum in Support of the Unions' Petition for Counsel Fees (Document No. 31), this amount should be decreased by an admitted billing error in the amount of $390.00.

with Document 29 and the plaintiff's response thereto.

The Fourth Circuit has addressed the issue of awarding attorney fees in actions brought under Section 301 of the Labor Relations Act, 29 U.S.C. § 185 (1982). In *Local 149, Automobile Workers of America v. American Brake Shoe Co.*, 298 F.2d 212, 216 (4th Cir.1962), the Court held that attorney fees should be awarded "against a party who, without justification, refuses to abide by an award of an arbitrator." See also, *U.A.W. v. United Farm Tools, Inc.*, 762 F.2d 76, 77 (8th Cir.1985).

Further, the Fourth Circuit has distinguished two types of challenges to arbitration whose "justification" is measured by different standards. *United Food & Commercial Workers v. Marval Poultry*, 876 F.2d 346 (4th Cir.1989). First, "where a challenge goes to the fundamental issue of arbitrability or of whether an arbitration award 'draws its essence' from the contract," the standard for reviewing "justification" is the relatively lenient one of whether it has any arguable basis in law. *Id.* at 351. Second, where the challenge goes to the merits of an arbitrator's award as made, the standard of "justification is much more stringent." *Id.* The basis for this stringent justification standard is that such undeterred challenges would thwart the national labor policy favoring arbitration, and therefore, challenges to the merits of an arbitrator's an arbitrator's decision are considered presumptively unjustified. *International Ass'n. of Machinists v. Texas Steel Co.*, 639 F.2d 279 (5th Cir.1981). Additionally, the Court in *Marval* stated that the district court should take into account whether the issues were raised before the arbitrator or were belatedly raised only before the district court. *Marval*, 876 F.2d at 351.

The Fourth Circuit further addressed the problem of awarding attorney fees and costs in the *Marval* decision. *Marval*, 876 F.2d at 350. The collective bargaining agreement between the union and the employer in *Marval* contained "a detailed grievance procedure, which, if necessary, culminated in arbitration deemed *"final and binding* under the terms of the parties agreements." *Id.* at 347

(emphasis added). In *Marval*, the Fourth Circuit held that attorney fees and costs are awardable in a labor relations action where the action is pursued "without justification." The Court equated actions "without justification" with those construed as "vexatious" or as "willful disobedience of a court order." *Id.* This standard distinguishes those challenges to an award as made rather than to threshold arbitrability or to a total departure from the labor contract's essence. *Id.* at 351. Further, even where there is some possible basis for making a distinction between challenges to liability and remedy in assertion of justification for a fee award, there must be an "arguable basis" to challenge the remedial aspect of the award. *Id.* The Fourth Circuit also sets forth that where a challenge constitutes a challenge to the arbitrator's power to act, where such is based in part on alleged misconduct of an arbitrator, an award of attorney fees is not proper. *National Risk Underwriters, Inc., v. Occidental Fire and Casualty Co. of N.C.*, 931 F.2d 1015, 1017 (1991).

Other federal courts have also applied this reasoning when addressing a fee award. The United States District Court for the Northern District of Ohio has held that attorney fees and costs may be awarded as sanction for bad faith or vexatious litigation brought under the Labor Management Relations Act (LMRA), even though the LMRA has no fee-shifting provision. *Van Waters & Rogers, Inc., v. Truck Drivers Union, Local 407*, 897 F.Supp. 1017, 1021 (1995). The court held that a party would not be subject to paying fees and costs in a challenge that had an arguable basis in law and that the action was not brought in bad faith or vexatiously. *Id.*

█ Next, it must be noted that when a party refuses to comply with an enforceable arbitration decision without justification, a court may award attorneys fees. *Intern'l. Assoc. of Heat and Frost Insulators and Asbestos Wkrs., et al., v. Thermo–Guard Corp.*, 880 F.Supp. 42, 48 (D.C.Mass.1995). *Thermo–Guard* also stands for the proposition that where an employer asserts that an arbitration award is not enforceable because the grievances were not arbitrable, an award

of attorney fees is appropriate. *Id.* at 49. The court in *Thermo–Guard* found that the arbitrator looked to the express terms of the labor contract and especially that the contract specified grievance procedures which gave the union the right to arbitrate. *Id.* There, the court awarded fees and costs to the union concluding that it maintained discretion to award attorney fees to a prevailing party when the losing party litigated the matter despite the fact that it was unable to present any rational argument in support of its position. *Id.*

■ Herein, Capitol argued that the arbitrator's award exceeded the scope of his authority. Capitol contended that while the Agreement provided the arbitrator with the power to interpret the provisions of the Agreement, the right to discharge employees was a right reserved to Capitol's management under the Agreement, thus rendering Green's discharge from employment a non-arbitrable issue. This Court did not agree with Capitol's rationale that the arbitrator erred in applying a "just cause" standard not specifically delegated to arbitration under the Agreement. Capitol agreed to be bound by the agreement which provided for arbitration and therefore agreed to be subject to those reasonable decisions rendered by an arbitrator. As set forth in Article XXVIII, Section 3 (Arbitration), of the Agreement, the arbitrator's decision "shall be final and binding."

The above cases aside, the holding of *Storck Baking Co. v. Bakers Local 57,* 847 F.Supp. 43 (S.D.W.Va.1994) must also be noted. In *Storck,* Chief Judge Haden followed the rationale set forth in *Marval* which reiterated that attorney fees and costs are awarded in a labor relations action if the action is pursued without justification. *Storck,* 847 F.Supp. at 45. As in the case at issue, there was no dispute that the agreement created a duty to arbitrate. Chief Judge Haden held that the company's filing of the claim against the union, raised as a procedural defect in federal court rather than before an arbitrator, although erroneous, did not rise to the level of vexatiousness necessary and that, therefore, the Union was not entitled to an award of attorneys fees and costs. *Id.*

However, Capitol did not dispute its duty to arbitrate in this case. Capitol went through the arbitration process without challenging the Union's claim seeking reinstatement of Green through arbitration. Only after it received an unfavorable decision, did Capitol raise issues challenging the heart of the Agreement herein. Capitol agreed to be bound by an arbitrator's decision when it entered into the Agreement. This Court previously found Capitol's challenges to the Award to be without merit and now finds them to be without justification in law. Therefore, the Court finds that the defendants are entitled to reasonable fees and costs. A review of the fees submitted indicates that they are in keeping with the diligence, skill, and effort required for cases of this kind and are found to be reasonable under the circumstances presented.

### IV. Conclusion

After review of the facts and applicable law, the Court finds that defendants' Petition for Counsel Fees has merit. The plaintiff offers no arguable basis under law to decide otherwise. Accordingly, the Court

**ORDERS** that the defendants' Petition for Counsel Fee (Document No. 29) be **GRANTED** in the amount of $8,077.50 and the defendants' prior petition for a fee award (Document No. 22) is **DENIED** as moot; and it further

**ORDERS** that the plaintiff's Motion to Strike (Document No. 23) be **DENIED** and, there being nothing further to consider, that this matter be stricken from the active docket of the Court.

The Clerk shall provide copies of this Order to counsel of record herein.