**OHIO EDISON COMPANY,**
**Plaintiff–Appellant,**

v.

**OHIO EDISON JOINT COUNCIL; Local 457 Utility Workers Union of America,**
**Defendants–Appellees.**

No. 90–4050.

United States Court of Appeals,
Sixth Circuit.

Argued July 18, 1991.

Decided Aug. 6, 1991.[*]

---

Gregory P. Szuter (argued and briefed), Antoinette Frantz (briefed), Buckley, King

[*] This decision was originally issued as an "unpublished decision" filed on August 6, 1991. On September 25, 1991, the court designated the opinion as one recommended for full text publication.

& Bluso, Cleveland, Ohio, Gary D. Benz (briefed), Ohio Edison Co., Akron, Ohio, for plaintiff-appellant.

Richard A. Abrams, Barry R. Laine (argued and briefed), Green, Haines, Sgambati, Murphy & Macala, Youngstown, Ohio, for defendants-appellees.

Before MERRITT, Chief Judge, KEITH, Circuit Judge, and BROWN, Senior Circuit Judge.

MERRITT, Chief Judge.

The issue before us is whether *Baker's Union v. ITT Continental Baking Co.,* 749 F.2d 350 (6th Cir.1984), remains good law in the Sixth Circuit. *Baker's Union* holds that a labor arbitrator does not "have the authority to disregard the explicit terms of the prior settlement [or "last chance"] agreement reached by the parties." *Id.* at 353. *Baker's Union* is directly in point. There, as here, an employee had a substance abuse problem—there an alcohol problem, here a drug abuse problem. In both cases the local union worked out a "last chance" agreement which contemplated correction of the problem through treatment, but both agreements called for discharge if there were a breach of the obligations imposed. In *Baker's Union* the employee breached the obligation to attend Alcoholics Anonymous meetings. Here the employee continued to use marijuana which was revealed in tests administered under the agreement. In a comprehensive opinion, Judge Martin, writing for the court, surveyed the cases and policies underlying the *Steelworkers' Trilogy* and concluded that normally last chance agreements are binding in arbitration. *See United Steelworkers of America v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); and *United Steelworkers of America v. Enterprise Wheel & Carr Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). We conclude that *Baker's Union* remains the law of the Circuit and is applicable to this case. Arti-

cle V Step 1 of the Collective Bargaining Agreement contains language which provides for such agreements. The arbitrator disregarded the agreement because he viewed the discharge as "unreasonably harsh." Under *Baker's Union* he did not have the authority to set aside the last chance agreement on this ground.

Nothing in the recent Supreme Court opinion of *United Paperworkers v. Misco, Inc.,* 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), nor in our recent opinion in *Eberhard Foods, Inc. v. Handy,* 868 F.2d 890 (6th Cir.1989), alters the holding in *Baker's Union.*

Accordingly, since the District Court enforced the arbitration award which declined to follow the *Baker's Union* case, the judgment of the District Court is reversed and the case remanded to the District Court with instructions to vacate the award of the arbitration panel.