**EXXON CORPORATION, Plaintiff,**

v.

**ESSO WORKER'S UNION,
INC., Defendant.**

**C.A. No. 92–12594.**

United States District Court,
D. Massachusetts.

May 1, 1997.

Robert Glass, Glass, Seigle & Liston, Boston, MA, for plaintiff.

Nathan S. Paven, Paven & Norton, Quincy, MA, for defendant.

## MEMORANDUM & ORDER

WOLF, District Judge.

### I. INTRODUCTION

On September 16, 1996, this court granted defendant Esso Worker's Union's (the "Union") motion for summary judgment, upholding an arbitrator's award requiring Exxon, among other things, to reinstate truck driver Albert Smith who had tested positive for cocaine while off duty. *Exxon Corp. v. Esso Worker's Union, Inc.*, 942 F.Supp. 703 (D.Mass.1996). Exxon has moved for entry of a stay of the judgment pending appeal. The Union opposes the motion. For the reasons stated below, Exxon's motion is being allowed.

### II. DISCUSSION

#### A. *The Applicable Standard*

Generally, a court faced with a motion for a stay of its judgment pending appeal must weigh the following factors:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987).

▮ The Union contends that a more restrictive standard, found in the Norris–LaGuardia Act, 29 U.S.C. § 107, governs.[1] This contention is incorrect. Although the Norris–LaGuardia Act is designed to prohibit federal courts from issuing an injunction "in a case involving or growing out of a labor dispute," 29 U.S.C. § 101, it does not pre-

clude a federal district court from granting a injunctive stay pending appeal of its ruling. *Robbins v. Pepsi–Cola Metro. Bottling Co.*, 800 F.2d 641, 643 (7th Cir.1986)(citing *Chicago and North Western Railway v. United Transportation Union*, 422 F.2d 979, 984 (7th Cir.1970), *rev'd on other grounds*, 402 U.S. 570, 91 S.Ct. 1731, 29 L.Ed.2d 187 (1971)).

As Justice Felix Frankfurter once wrote, "[i]t has always been held ... that, as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Scripps–Howard Radio, Inc. v. F.C.C.*, 316 U.S. 4, 9–10, 62 S.Ct. 875, 880, 86 L.Ed. 1229 (1942)(footnote omitted). Consistent with this principle, numerous district courts faced with a motion for a stay pending appeal in a case involving labor relations have employed the *Hilton* factors. *See, e.g., Rivera–Vega v. ConAgra, Inc.*, 879 F.Supp. 165, 166 (D.P.R.)(denying stay of order mandating reinstatement of locked-out employees pending appeal), *aff'd*, 70 F.3d 153, 158 (1st Cir.1995); *United States v. Local 6A, Cement and Concrete Workers*, 832 F.Supp. 674, 682 (S.D.N.Y.1993) (denying union representative's stay of trustee's decision to remove him from his position pending appeal); *see also Mamula v. Satralloy, Inc.*, 578 F.Supp. 563, 580 (S.D.Ohio 1983)(pre-*Hilton* case applying same factors); *Kansas City Royals Baseball Corp. v. Major League Baseball Players Ass'n*, 409 F.Supp. 233, 263 (W.D.Mo.)(same), *aff'd*, 532 F.2d 615 (8th Cir.1976).[2]

#### B. *Applying the Standard to This Case*

▮ In order to satisfy the first prong of the Hilton test, Exxon must show that it has a "substantial" or "strong" case on appeal.

---

**1.** 29 U.S.C. § 107 sets forth the conditions on which an injunction may issue in a labor case. It requires the court to hold a hearing, in which the parties may present and cross-examine witnesses, and to make the following findings: (1) that "unlawful acts have been threatened and will be committed unless restrained"; (2) that "substantial and irreparable injury to complainant's property will follow"; (3) that the balance of the harms favors the complainant "as to each item of relief granted"; (4) that "complainant has no adequate remedy at law"; and (5) that

"the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection." 29 U.S.C. § 107.

**2.** The Union also relies on *Tejidos de Coamo, Inc. v. Int'l Ladies' Garment Workers' Union*, 22 F.3d 8 (1st Cir.1994). This case is inapposite here because it involved a district court's issuance of a stay of arbitration proceedings, *see id.* at 10, rather than a stay of its own judgment.

Courts, however, have not interpreted literally the *Hilton* requirement that the "stay applicant [make] a strong showing that he is likely to succeed on the merits." *See, e.g., Goldstein v. Miller*, 649 F.2d 863 (4th Cir. 1981)(Mem.), *aff'd* 488 F.Supp. 156, 172–73 (D.Md.1980), *cert. denied*, 454 U.S. 828, 102 S.Ct. 121, 70 L.Ed.2d 104 (1981); *Washington Metro. Area v. Holiday Tours*, 559 F.2d 841, 843–44 (D.C.Cir.1977); *Mamula*, 578 F.Supp. at 580. Rather, what has generally been required is that " 'the appeal raise[ ] serious and difficult questions of law in an area where the law is somewhat unclear.' " *Mamula*, 578 F.Supp. at 580 (quoting *Evans v. Buchanan*, 435 F.Supp. 832, 844 (D.Del. 1977)). This is such a case.

■ The second and third prongs of the Hilton test require a balancing of harms to the parties. *See De Novellis v. Shalala*, 947 F.Supp. 557, 560 (D.Mass.1996)(likening the Hilton test to the standard used for preliminary injunctions). In this case, the harms to each party offset one another. Exxon will not be irreparably harmed if the requested stay is not granted. Exxon reasonably fears, however, that reinstating a driver who has tested positive for cocaine while off duty would send an adverse message to its employees "that drug use will be tolerated so long as the consumption is on off-duty time, thus leaving it to the driver to determine the extent and duration of a drug's influence." Exxon Corporation's Application for a Stay of the Court's Judgment Pending Appeal and Request That No Bond Be Required, at 3. On the other hand, if the stay is denied, both Smith and the Union would benefit from the prompt payment of Smith's back pay and his immediate reinstatement to his job, but a continuation of what has become the status quo pending appeal will not seriously injure either of them.

However, the final *Hilton* factor, the public interest, persuades the court that a stay is appropriate in this case. The evidence indicates that Smith used illegal drugs. Without a stay, he would return to his job as a petroleum tanker truck driver. This court felt compelled by applicable precedent to defer to the judgment of the Department of Transportation in deciding that there was not a proper basis for vacating on public policy grounds the arbitrator's decision to order Smith's reinstatement. *Exxon Corp.*, 942 F.Supp. at 708–11. Nevertheless, the court recognizes that the positive drug test may be evidence of an enduring drug problem which, if it exists and Smith is allowed to drive trucks loaded with explosive cargo, might seriously endanger the public. Thus, the court finds that the public interest will best be served if this risk of harm is not incurred unless and until the Court of Appeals for the First Circuit affirms this court's decision. In view of the operation of the other relevant factors, this consideration is decisive and persuades the court that the requested stay is appropriate.

### C. The Bond Requirement

■ The court has discretion whether or not to require a successful applicant to post a bond to secure the appellee's interests pending appeal. *See* Fed.R.Civ.P. 62(c). Although the posting of a bond is the "usual rule," *F.D.I.C. v. A & R Constr., Inc.*, 921 F.Supp. 153, 155 (E.D.N.Y.1996), the court need not require a bond if it would be unnecessary to protect the interests of the appellee. The central purpose of a bond is "to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." *Grubb v. F.D.I.C.*, 833 F.2d 222, 226 (10th Cir.1988). Exxon's solvency and clear ability to satisfy the judgment if affirmed on appeal militate in favor of waiving the customary bond requirement. Accordingly, the court will not require Exxon to post a bond.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Exxon Corporation's Application for a Stay of the Court's Judgment And Request That No Bond Be Required (Dkt. # 23) is ALLOWED;

2. This court's September 16, 1996 judgment ordering the reinstatement of Albert Smith is STAYED.