**TITAN TIRE CORPORATION OF BRYAN, Plaintiff,**

v.

**LOCAL 890L, UNITED STEELWORKERS OF AMERICA, Defendant.**

Case No. 3:08 CV 2957.

United States District Court,
N.D. Ohio,
Western Division.

Dec. 11, 2009.

Thomas A. Dixon, Heidi N. Eischen, Eastman & Smith, Toledo, OH, Gene R. Lasuer, Davis Hockenberg Wine Brown Koehn & Shors, Des Moines, IA, for Plaintiff.

John G. Adam, Martens, Ice, Klass, Legghio, Israel & Gorchow, Royal Oak, MI, for Defendant.

## MEMORANDUM OPINION AND ORDER

JACK ZOUHARY, District Judge.

### Background

This Court entered judgment in this case on October 26, 2009, 673 F.Supp.2d 582, 2009 WL 3426571 (N.D.Ohio 2009), upholding an arbitration award in favor of Defendant United Steelworkers of America, Local 890L ("the Union") (Doc. Nos. 24, 25). That award reversed Plaintiff Titan Tire's decision to discharge Grievant

Linda Tracy who, following a workplace accident, tested positive for marijuana use. Instead of discharge, the arbitrator ordered Tracy suspended for ninety days and returned to work. On November 20, Titan filed a Notice of Appeal (Doc. No. 26). This matter is now before the Court on the Union's Motion to Enforce Judgment (Doc. No. 27), and on Titan's Motion for Stay pending appeal (Doc. No. 28). Both parties filed respective Oppositions (Doc. Nos. 29, 33), and Titan filed a supplemental brief upon this Court's request (Doc. No. 32).

■■■ Titan does not dispute that it has yet to comply with the arbitration award and this Court's Judgment. However, Titan argues it is entitled to a stay pending resolution of its appeal by the Sixth Circuit. In considering whether to grant a stay under Federal Civil Rule 62(c), this Court must consider four factors:

(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991); *see also Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) (noting that the factors are the same under Federal Appellate Rule 8(a)). These factors are not separate elements that a movant must satisfy, but are "interrelated considerations that must be balanced together." *Griepentrog*, 945 F.2d at 153. Furthermore, "the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [movant] will suffer absent the stay." *Id.* Ap-

plying these factors, this Court finds that a stay is not warranted in the instant case.

### Likelihood of Success on Appeal

■■■ Overturning an arbitration award "should be the rare exception, not the rule." *Mich. Family Res., Inc. v. Serv. Employees Int'l Union Local 517M*, 475 F.3d 746, 753 (6th Cir.2007). This Court noted the exceedingly deferential standard of review for arbitration awards in its Memorandum Opinion (Doc. No. 24, p. 3–4). With this deference and with these facts, this Court believes reversal of its decision and the arbitration award is unlikely. Titan merely "refers the Court to prior briefs" and asserts that it has raised "serious legal issues for the Sixth Circuit to examine" (Doc. No. 32, p. 3). This bald conclusion fails to convince this Court that Titan is likely to prevail on appeal.

### Harm to Titan

■ Titan argues it would sustain irreparable harm if Tracy returned to work, because its drug policy might be viewed with skepticism by other employees. This concern was addressed by the terms of the arbitration award, which imposed the significant penalty of a ninety-day suspension on Tracy. Titan also argues that it is currently at minimum staffing levels, and returning Tracy to work would result in a disruption in flow in the workforce. That may be true, but that is simply the necessary cost of complying with the arbitration award. *Cf. In re Dist. No. 1–Pacific Coast Dist., Marine Engineers' Beneficial Assoc. (AFL–CIO)*, 723 F.2d 70, 78 (D.C.Cir.1983) ("It can hardly be claimed that the cost of complying with the terms of an agreed-upon arbitration procedure is irreparable harm."). In sum, this Court finds that Titan has failed to show that it will suffer the substantial irreparable harm needed to overcome its low likelihood of success on the merits.

## Harm to Union and Tracy

■ In contrast, Tracy would suffer substantial harm if this Court issued a stay. Tracy has been out of work since March 2008 and, according to the Union, she is not receiving wages, health insurance, or other benefits. Further deprivation of wages and benefits during the lengthy pendency of an appeal would result in direct and immediate harm to Tracy, even if she is eventually awarded back pay.[1]

## Public Interest

■ While the public has a serious interest in maintaining workplace safety, this Court is unconvinced that returning Tracy to work would compromise safety at Titan's facility. The arbitrator, well-acquainted with Titan's drug policy and the specific facts of this case, concluded that a ninety-day suspension was sufficient punishment. That punishment would serve the specific objective of impressing upon Tracy the dangers of working under the influence of drugs, as well as reinforce the importance of the drug policy on Titan's entire workforce.

## Balancing the Factors

■ The two cases cited by Titan in support of issuing a stay are distinguishable. In *Exxon Corp. v. Esso Worker's Union, Inc.*, 963 F.Supp. 58, 60 (D.Mass. 1997), the court issued a stay pending appeal on the review of an arbitration award which had reinstated an employee terminated for testing positive for cocaine. The court found that the appeal raised "serious and difficult questions of law," the potential harms to the parties balanced one

another, and the public interest favored a stay. *Id.* The court put particular emphasis on the public interest prong, because the employee worked as a petroleum tanker truck driver, a job with severe public safety implications. *Id.*

In *Ohio Edison Co. v. Ohio Edison Joint Council,* 771 F.Supp. 1476 (N.D.Ohio 1990), the court also confronted the issue of a stay pending appeal of an arbitration award reinstating an employee after a drug suspension. The court first found that there was a serious legal question about the applicability of a particular Sixth Circuit case, *id.* at 1490–91, a finding that was validated by the Sixth Circuit's later reversal on the merits, *see Ohio Edison Co. v. Ohio Edison Joint Council,* 947 F.2d 786 (6th Cir.1991). In addition, the court found that there would be harm to the employer in reinstating the employee, because the employee admittedly had an "ongoing problem" with marijuana addiction. *Id.* at 1491–92. The court also found that the employee would not suffer "substantial injury" and that resolution of the import of "last chance agreements" on appeal was in the public interest. *Id.* at 1492–93.

The balance of factors, different in the instant case than in either *Exxon Corp.* or *Ohio Edison,* does not warrant a stay. There is a low likelihood of success on appeal, the balance of harms favors the Union and Tracy, and the public's interest in workplace safety is adequately protected by the terms of the arbitration award.

## Conclusion

For the foregoing reasons, Titan's Motion for Stay Pending Appeal (Doc. No. 28) is denied. The Union's Motion to Enforce

---

1. During a phone conference on December 2, 2009, counsel for Titan raised the possibility of Tracy posting a bond for wages and insurance premiums she receives from Titan while the appeal is pending (Doc. No. 30). Neither party addressed this issue in subsequent briefs, and this Court is aware of no authority that would require a *prevailing* party to post a bond pending appeal.

Judgment pending appeal (Doc. No. 27) is granted. The Union's request for a finding of contempt is denied.

IT IS SO ORDERED.